FILED

MAR 18 2020                                             Attachment A

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAZARO Quinones-Cedeno,
PLAINTIFF,

*Your full name*

**FEDERAL CIVIL RIGHTS COMPLAINT**
**(*BIVENS* ACTION)**

3:20CV50

v.

Civil Action No.: ~~3:20-cv-00027~~
*(To be assigned by the Clerk of Court)*

Groh
Trumble
Sims

Ms. Jennifer Resh, Nurse, et. al,
Defendant,
Ms. K. Bankson, Nurse, et. al,
Defendant,
Mr. Paol Adams, Warden, et. al,
Defendant,

*Enter above the full name of defendant(s) in this action*

## I. JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II. PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

    A.   Name of Plaintiff: Quinones-Cedeno   Inmate No.: 06288-000
           Address: FCI Hazelton
                    P.O. Box 5000 Bruceton Mills, WV, 26525

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B. Name of Defendant: Ms. Jennifer Resh.
Position: Nurse
Place of Employment: FCI Hazelton
Address: 1640 Sky View Drive
Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☑ Yes ☐ No

If your answer is "YES," briefly explain: She is the nurse. I was subjected to cruel and unusual treatment because she acting outside of her function as a nurse chose to act with deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment.

B.1 Name of Defendant: Ms. K. Bankson.
Position: Nurse
Place of Employment: FCI Hazelton
Address: 1640 Sky View Drive
Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☑ Yes ☐ No

If your answer is "YES," briefly explain: She was the nurse attending me on 01/21/20, for an emergency chest pain. I was assessed by nurse Ms. K. Bankson, who told me "you have no medical issues". "Quit-Bullshitting." (Read attached "MON-Health Medical Center's report (WM cardilite stress test performed 01/10/2020)

B.2 Name of Defendant: Mr. Paul Adams.
Position: Warden.
Place of Employment: FCI Hazelton
Address: 1640 Sky View Drive
Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☑ Yes ☐ No

Attachment A

If your answer is "YES," briefly explain: He is the warden. He is aware medical staff has failed to provide me with adequate medical care. He has failed to take corrective action.

B.3  Name of Defendant: __Not-Applicable.__
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes    ☐ No

If your answer is "YES," briefly explain: _____

Not-Applicable

B.4  Name of Defendant: __Not-Applicable.__
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes    ☐ No

If your answer is "YES," briefly explain: _____

Not-Applicable

Attachment A

B.5 Name of Defendant: _Not-Applicable._
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes   ☐ No

If your answer is "YES," briefly explain: _____
_Not-Applicable._

III. PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _Federal Correctional Institution Hazelton_

A. Is this where the events concerning your complaint took place?
☒ Yes   ☐ No

If you answered "NO," where did the events occur?
_Not-Applicable_

B. Is there a prisoner grievance procedure in the institution where the events occurred?   ☐ Yes   ☐ No

C. Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☐ Yes   ☒ No

D. If your answer is "NO," explain why not: _The Court erroneously misconstrued my Declaration (Doc. 59-61) in an attempt to initiate for new civil case. The Declarations were attempted on my behalf to state to the court the obstruction of justice and abuse of power that staff at FCI Hazelton and FCI McDowell WV, are conducting in order to interfere with my legal process in case No. 1:19-cv-00064_

E. If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _Not-Applicable._
LEVEL 2 _Not-Applicable._
LEVEL 3 _Not-Applicable._

IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☒ Yes    ☐ No

B. If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1. Parties to this previous lawsuit:

   Plaintiff(s): _Lazaro Quinones-Cedeno._
   Defendant(s): _Ms. Barbara Rickard, Roldan Randan._

2. Court: _U.S. District of WV, Bluefield Division._
   (If federal court, name the district; if state court, name the county)

3. Case Number: _1:19-cv-00064_

4. Basic Claim Made/Issues Raised: _Neglect by Harsh Abuse of Power and Authority. Obstruction of Justice. Violations of my Fifth Amendment Due Process Rights and retaliatory prison transfer. Allowing unprofessional misconduct by staff toward me._

5. Name of Judge(s) to whom case was assigned:
   _Omar J. Aboulhosn. Magistrate Judge. David A. Faber. U.S. District Judge._

6. Disposition: _Pending._
   (For example, was the case dismissed? Appealed? Pending?)

7. Approximate date of filing lawsuit: _January 25-2019_

Attachment A

8. Approximate date of disposition. Attach Copies: <u>Pending.</u>

C. Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☒ Yes ☐ No

D. If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.
1- Administrative Remedy ID. 918649A1 Level III Exhausted. Incident Rpt. No. 3039907, Code 312 From October 02, 2017.
2- Administrative Remedy ID. 939314-R3. None, Run-Around Treatment by S.E.R.O. Director J.A. Keller in Atlanta, GA. He along with FCI Williamsburg S.C. and FCC Hazelton warden B. Antonelli hit me with a retaliatory Prison Transfer.

E. Did you exhaust available administrative remedies? It stopped level II
☐ Yes ☐ No

F. If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.
ID. 918649-A1 I went through the Process. It was exhausted. ID. 939314-R3. No exhausted. Run-Around Treatment It was stopped in level II. Retaliation due trying to get it exhausted this Remedy ID. 939314-R3. Used by SERO Director J.A. Keller and FCC Hazelton warden to transfer me when Antonelli was FCI warden in FCI Williamsburg S.C.

G. If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1. Parties to previous lawsuit:

"See Attachments"

## IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDY.

Quinones-Cedeno v. Antonelli; Civil Action No. 5:20-cv-00030
    Plaintiff,    Defendant,

Neglect by Harsh Abuse of Power and Authority. Obstruction of Justice, Violation of my Fifth Amendment Due Process Rights and a retaliatory Prison Transfer. Allowing unprofessional misconduct by staff toward Plaintiff.

    Court: U.S. District Court for the Northern District of West Virginia.
    Name of Judge(s) to whom case was assigned:
    None Yet.

Disposition: Pending.

Aproximate date of filing lawsuit. February 12, 2020

Quinones-Cedeno v. Bluemling; Civil Action No. 1:20-cv-00027
    Plaintiff,    Defendant,

Plaitiff has suffered mental and emotional distree, aggravation, annoyance and inconvenience and other damages toward him, loss of standing in the Education Department doing his legal work due to Education Specialist Ms. M. Bluemling and other staff.

    Court: U.S. District Court for the Northern District of West Virginia.
    Name of Judge(s) to whom case was assigned;
    None Yet.

Disposition: Pending.

Aproximate date of filing lawsuit. February 12, 2020

Quinones-Cedeno v. Healey; Civil Action No. 1:20-cv-00031
    Planitiff,    Defendant,

Mistreatment and Discrimination. Plaintiff was merely subjected to cruel and unusual punishment because staff, acting outside of their function in the kitchen (allowing inmates to instructing them what to do) chose to fire Plaintiff because they need to discredit Plaintiff to get foreman cook Healey and Handlin removed from the facility. Inmates along with staff needed to get Plaintiff out of the kitchen detail. Compound officer R. Reckard, in conjunction with foreman cook T. Thorne, were returning Plaintiff from the kitchen in retaliation for this attached letter Plaintiff wrote to U.S. President, in the past and Plaintiff allowed compound officer R. Reckard to read it. (Attached)

    Court: U.S. District for the Northern District of West Virginia.

Name of Judge(s) to whom case was assigned:
   None Yet.
Disposition: Pending.

Approximate date of filing lawsuit. February 12, 2020

The Court erroneously misconstrued Plaintff's Declaration (Documents No. 58-61) in an attempt to initiate four new Civil Action pursuant to Bivens v. Six unknown Federal agents of Federal Bureau of Narcotics. The Declarations were attempt on behalf of Plaintiff to state to the Court the Obstruction of Justice and Abuse of Power that staff in F.C.I. McDowell, WV., and staff at F.C.I. Hazelton, WV., are conducting in order to interfere with Plaintiff's Legal Process.

---

Quinones-Cedeno v. Resh;   Civil Action No. 3:20-cv-00027
   Plaintiff.   Defendant.

Cruel and unusual treatment and deliverancte indiference (standard) of Eigth Amendment. Medical needs of Plaintiff health by (Supervisor liability, "obduratly." "wantonly,"or "with deliverate indiference." A sufficiently serious deprivation occurred by prison official's by act or omission...result[s] in the denial of the civilized measure of life's necessities.

Court: U.S. District Court for the Northern District of West Virginia.
Name of Judge(s) to whom the case was assigned:
   None Yet.
Disposition: Pending.
Approximate date of filing lawsuit. February 12, 2020

The Court erreously misconstrued Plaintiff's Declarations (Documents No. 58-61) in an attempt to initiate four new Civil Action pursuant to Bivens v. Six unknown Federal Agents of Federal Bureau of Narcotics. The Declarations were attempt on behalf of Plaintiff to state to the Court the Obstruction of Justice and Abuse of Power that staff at F.C.I. McDowell, WV., and staff at F.C.I. Hazelton, WV., are conducting in order to interfere with Plaintiff's Legal Process.

Attachment A

Plaintiff(s): _See Attachment._
Defendant(s): _See Attachment._

2. Name and location of court and case number:
   _U.S. District Court for the Northern District of West Virginia._

3. Grounds for dismissal:  ☐ frivolous   ☐ malicious
   ☐ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: _02/12/2020_

5. Approximate date of disposition: _Pending_

## V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  Describe what each defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.**  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.*  **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)**

CLAIM 1: _Cruel and unusual treatment. She acting outside of her function and responsibility in violation of Eight Amendment of the constitution._

Supporting Facts: _"See Attachment."_

## V. Statement of Claim. CLAIM 1 — Nurse Jennifer Resh.
Supporting Facts:

Plaintiff alleges in his fourth Declaration that nurse Jennifer Resh, refused to provide him with appropriate medical care for his "Constant Chest Pain" (Document No.61), which is a violation of his Eight Amendment Rights.

On August 08, 2019, Plaintiff was transferred to this FCI Hazelton facility, WV., from FCI McDowell, WV., in a retaliatory medical prison transfer to get away with exposures. (Read letters dated 01/23/ 2019 and 09/15/ 2019, enclosed herein.)

Herein lies the problem that brought Plaintiff into this hostility by staff officials and officers in FCI McDowell and FCI Hazelton, WV. S.E.R.O. Director in Atlanta, Ga. J.A. Keller, and FCC Hazelton Warden M.B. Antonelli, seem to be the core of this systematic pattern of this Harsh Abuse of Power and Obstruction of Justice, along with this Civil Action No. 1:19-cv-00064, pending in District Court of West Virginia, Bluefield Division. Also, this retaliatory medical prison transfer authorized by Ms. M. Caver, A.W., D. Rich, A.W., C. Moore, SIS., C. Maruka, Warden and other staff officials mentioned in my complaints in the above mentioned facilities.

Nurse Jennifer Resh failured to provide adequate medical care to Plaintiff, diagnosing Plaintiff with a series of illeness or problems that appeared negative in medical record to justify this retaliatory medical prison transfer. I'm being treated with cruel and unusual treatment by nurse Jennifer Resh.

The undersigned errounously misconstrued Plaintiff's Declarations (Document No. 58-61) in an attempt to initiate four new Civil Action pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics. The Declarations were attempts on behalf of the Plaintiff to state to the Court the Obstruction of Justice and Abuse of Power that staff at FCI McDowell, WV., and the staff at FCI Hazelton, WV., are conducting in order to disrupt Plaintiff legal process afforded to Plaintiff by Constitutional Rights. (Read recent letter dated Jan. 30, 2020.)

On January 10th, 2020, Plaintiff was taken to mon-General Hospital in Morgantown, WV., for evaluations in regard to the (Constant Chest Pain) and Plaintiff is waiting for the Doctors' results.. (Read enclosed report dated 01-10- 2020 on behalf of medical attention on Plaintiff's favor.

**Attachment A**

CLAIM 2: Ms. K. Bankson. Nurse. Violated plaintiff First Amendment Rights by engaging in a retaliatory conduct and refusing to provide plaintiff with appropriate medical care for his pain in the chest.

Supporting Facts: On 01/21/2020, I was assessed by nurse Ms. Bankson, who harassed and mistreated me in an unprofessional manner, refusing to provide me a proper medical care, she said "I have not medical issues" "Quit-bullshitting" "Read attached Mon. Health Medical Center Report dated Jan. 10, 2020

CLAIM 3: Paul Adams. FCI Warden, He is in violation of the First, Fifth and Eight Amendment Neglecting his duties and responsibilities as a warden

Supporting Facts: He is aware of all the facts mentioned in the statement claim and has failed to take corrective action.

CLAIM 4: _not applicable_

Supporting Facts:

**Attachment A**

CLAIM 5: _"Not-Applicable"_

Supporting Facts: _"Not-Applicable"_

VI. <u>INJURY</u>

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Suffering Monetary loss, Mental and emotional distress, Aggravation, Annoyance And inconvenience Loss of standing in education due to staff officials And higher risk of heart damages due to distress And other damages. (Read enclosed MOD-Hospital Medical Center's Report dated 01/10/2020).

VII. <u>RELIEF</u>

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

I'm seeking to have an appropriate Medical care, not to be treated with deliverate difference by nurses in the clinic. To provide the Medicine needed I can't Afford to buy for being An Indigent. This Civil Case no. 3:20-cv-00027, should run concurrent with civil case no. 1:19-cv-00064, pending in the U.S. District court of West Virginia. Bluefield Division.

Attachment A

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _F.C.I Hazelton, WV._ on _March 12, 2020_ .
                (Location)                    (Date)

_[signature]_
Your Signature