**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LAZARO QUINONES-CEDENO,**

       **Plaintiff,**

**v.**     **CIVIL ACTION NO. 3:20-CV-50
(GROH)**

**MS. JENNIFER RESH,
MS. K. BANKSON, and
PAUL ADAMS,**

       **Defendants.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On March 18, 2020, the *pro se* Plaintiff, who is a federal prisoner incarcerated in the Northern District of West Virginia, initiated this case by filing an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), claiming his Constitutional rights were violated. ECF No. 1.[1]

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed with prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-50, unless otherwise noted.

## II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint lists three defendants: (1) Ms. Jennifer Resh (Resh), nurse; (2) Ms. K. Bankson (Bankson), nurse; and (3) Paul Adams (Adams), warden. ECF No. 1.  Plaintiff's asserts the following claims for relief: (1) that his Eighth Amendment rights against cruel and unusual punishment were violated by Resh who failed to provide adequate medical care; (2) that his First Amendment rights were violated by Bankson who refused to provide Plaintiff with adequate medical care and who disregarded Plaintiff's medical complaints; and (3) that his First, Fifth and Eighth Amendment rights were violated by Adams who "neglect[ed] his duties and responsibilities as a warden".  Id. at 9 – 11.

Plaintiff asserts the following injuries, "monetary loss, mental and emotional distress, aggravation, annoyance and inconvenience loss of standing in education due to staff officials and higher risk of heart damages due to distress and other damages." Id. at 12.  In his request for relief, Plaintiff asks the court to award him "appropriate medical care, not to be treated with deliberated [in]difference," and to provide him the medicine he needs but cannot afford. Id.

## III.  LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune

from such relief.

### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[3] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

---

[3] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

## IV.  ANALYSIS

A review of the complaint conducted pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.  The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation upon all actions arising from incarceration, requiring proof of physical injury arising from the allegedly unconstitutional condition.  42 U.S.C. § 1997e(e).  See Munn Bey v. Department of Corrections, 839 F.Supp.2d 1 (D.D.C. 2011).  Plaintiff asserts that he suffered various mental and emotional injuries, but does not assert any physical injury.  ECF No. 1 at 12.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

To the extent that Plaintiff asserted a claim of future physical injury, his claim also fails.  The Supreme Court has recently addressed two related doctrines of justiciability which each originate in the case-or-controversy requirement of Article III:

> First, a plaintiff must demonstrate standing, including "an injury that is concrete, particularized, and imminent rather than conjectural or hypothetical."  Second, the case must be "ripe"—not dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all."

Trump v. New York, 141 S. Ct. 530, 535 (2020) See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006); Carney v. Adams, *ante*, at 6, — U.S. —, 141 S.Ct. 493, 2020 WL 7250101 (2020); Texas v. United States, 523 U.S. 296, 300 (1998).  In Trump v. New York, the Court found the "case is riddled with contingencies and speculation that impede judicial review."  141 S. Ct. 530, 535.

Similarly, here, Plaintiff's allegations of potential or possible future injury or higher risk of future heart damage seem so contingent and speculative as to

completely impede judicial review. Accordingly, it appears that Plaintiff's claims fail to state a cause of action because Plaintiff's claims are of possible damages, possible exposure, and the potential to develop future illness.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and

Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   June 23, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE